Petition for Writ of Mandamus Denied and Memorandum Opinion filed March
22, 2007








Petition for Writ of
Mandamus Denied and Memorandum Opinion filed March 22, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00065-CV

____________

 

IN RE PATRICIA POTTS, INDIVIDUALLY, AND A/N/F OF

ALLY WILLIAM, A MINOR, 

 Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








On February
2, 2007, relator Patricia A. Potts, individually and as next friend of Ally
William, her minor daughter, filed a petition for writ of mandamus, an
affidavit of indigence, and six motions/notices in this court.[1] 
In her motions, notices, and petition for mandamus, relator seeks numerous
writs against various parties and state agencies; primarily however, relator=s requests can be grouped into two
forms, discussed below.  

Relator
filed a motion for temporary orders, seeking an order compelling the Texas
Department of Family and Protective Services to conduct a neuro-psychological
examination of relator=s daughter, a psychological examination of relator, and
appointing an attorney to represent her.  Relator argued in her petition that
these services were being denied to her as retaliation for filing a whistleblower
suit.  Relator also seeks orders compelling individual doctors and other state
agencies to provide services to her.  Our authority to issue writs of mandamus
does not extend to the relief requested by relator.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004).  Nor has
relator established that we have the authority to issue an order appointing an
attorney to represent her.  Therefore, because we do not have the writ power to
provide the relief requested, we deny relator=s petition as to those requests.  We
also deny the motions corresponding to that requested relief.[2] 


Relator
also seeks relief from the trial court=s order sustaining the contest to her
affidavit of indigence.  She previously sought relief from the trial court=s order through an appeal, which was
dismissed because a final order has not been issued.  The clerk=s record in the appeal was
subsequently transferred to this mandamus proceeding.  Nevertheless, relator
fails to establish that the trial court=s order is an abuse of discretion for
which she does not have an adequate appellate remedy.  Accordingly, we deny
relator=s request for that relief and
corresponding motions.[3]   








In sum, relator fails to establish
that she is entitled to the requested mandamus relief, and we deny 

relator=s petition for writ of mandamus.                                                     

 

PER
CURIAM

 

Petition Denied and Memorandum Opinion filed March 22,
2007.

Panel consists of Chief Justice Hedges, and Justices
Fowler and Edelman.  









[1]Relator filed motions or notices that did not request
specific relief from this court:  (1) ANotice
of Tampering/Continuing Retaliation@;
and (2) AObjection to Appeal Court Failure/Refusal to Recognize
Disability and Notice of Child Abuse.@ 
She also filed a motion to consolidate appeals, which this court denied by
order dated February 22, 2007.  As we discuss, we deny all of relator=s motions pending in this original proceeding.   





[2]On February 26, relator filed two more motions: (1)
Request for Ruling on Emergency Motion for Temporary Orders; and (2) Request
for Extension of Time to File and Serve Record and Notice of Financial
Tampering.  These motions are denied.





[3]The Texas Department of Assistive and Rehabilitative
Services (ATDARS@) recently
filed a motion to dismiss relators=
petition as to her claims against that agency.  Having found that relator is
not entitled to the relief requested, we deny TDARS=s motion as moot.